UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No.  08-167 (RJL) |
| : | |
| v. : | |
| : | |
| WILLIAM CORDOVA, : | |
| also known as Centinella, : | |
| also known as Mario, : | |
| : | |
| JOSE GUTIERREZ, : | |
| also known Astuto, : | |
| also known as Marco, : | |
| : | |
| MELVIN SORTO, : | |
| also known as Killer, : | |
| also known Fantasma, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS
FOR THE 18 U.S.C. 1959 OFFENSES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following supplemental proposed jury instructions relating to the violent crimes in aid of racketeering, 18 U.S.C. 1959(a) et. al., offenses in the above captioned matter.  As with our previously filed proposed jury instructions, the parties reserve the right to object, or modify the proposed instructions, or submit additional jury instructions to the Court.

INTRODUCTION TO SUBSTANTIVE JURY INSTRUCTIONS

I am about to begin explaining the law pertaining to the charges in the Indictment. Let me advise you in advance, though: these jury instructions are lengthy, especially as to Count One. Although the instructions are lengthy, they are also necessary. Please be assured that we have made every effort to shorten the instructions, simplify them, and make them more accessible to you. I am reading the instructions now, but I will also provide you with a set of the instructions to take with you and consult during your deliberations.

The instructions for Count 1 are longer than for the other Counts in part because I will be defining and explaining a number of terms and concepts relating to the racketeering laws. Many of those instructions will be applicable to other counts in the Indictment related to the remaining Section 1959-counts. Rather than repeating such racketeering-related instructions every time they may be applicable, I will sometimes simply state that I have instructed you earlier on the applicable law on that subject, and I will ask you to apply those earlier instructions.

58.     COUNT 1: CONSPIRACY TO COMMIT VIOLENT CRIMES IN AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(5).

In Count 1 of the Indictment, defendants William Cordova, Jose Gutierrez, and Melvin Sorto are charged with conspiracy to commit murder in aid of racketeering activity.

The Indictment charges that on or about June 2006, and continuing through June 2007, the defendants, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired together and with others known and unknown to the grand jury to murder rival gang members, to include, but not limited to, members of LC, 14th Street, or MOB, and persons that interfered with, or threatened, the objectives and purpose of the MS-13 enterprise, in violation of the laws of the District of Columbia, specifically, 22 D.C. Code Sections 1805a and 2101.

The essential elements of the offense of conspiracy to commit murder in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1)     That on or about the date charged in Count 1, an enterprise as defined in 18 U.S.C. § 1959(b)(2)existed.;

(2)     That the charged enterprise engaged in, or its activities affected, interstate or foreign commerce;

(3)     That the enterprise was engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

(4)     That the defendant, under consideration by you at the time, knowingly and willingly conspired to commit murder;

(5)     That the conspiracy to commit murder was committed for the purpose of gaining

entrance to or maintaining or increasing position in the charged enterprise.

First Element

The first element that the government must prove beyond a reasonable doubt is that the "enterprise" alleged in the indictment existed. The term "enterprise" as used in these instructions may include any group of individuals associated in fact, even though this association is not recognized as a legal entity. Thus, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. In this case, the government has sought to prove that the enterprise is a "group of individuals associated in fact."

A group or association of persons can be an "enterprise" if these individuals have joined together for the purpose of engaging in a common course of conduct over a period of time. Such an association may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the individuals making up the association functioned as a continuing unit. Such an association of individuals may retain its status as an "enterprise" even though the membership of the association changes by the addition or loss of individuals during the course of its existence.

Second Element

The government must also prove beyond a reasonable doubt that the enterprise engaged in, or its activities affected, interstate and foreign commerce. "Interstate commerce" means trade or conducting business or travel between one state and another state or the District of Columbia; and foreign commerce means such trade, business or travel between the United States and another country. Therefore, interstate or foreign commerce may include the movement of money, goods, services or persons from one state

to another state or the District of Columbia or between the United States and another country.

The Government is not required to prove a significant or substantial effect on interstate and foreign commerce. Rather, a minimal effect is sufficient. This may include, among other matters, the purchase or sale of goods or supplies from outside of the United States or the state in which the enterprise was located; the use of interstate or international mail or wire facilities; or the causing of any of those things. It is not necessary for the Government to prove that the racketeering activity affected interstate or foreign commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect. On the other hand, this effect on interstate or foreign commerce may be established through the effect caused by the racketeering activity.

Moreover, it is not necessary for the Government to prove that the defendants knew that the enterprise would affect interstate or foreign commere, that the defendants intended to affect interstate or foreign commerce, or that the defendants' activities affected interstate or foreign commerce. Here, the Indictment alleges, and the government presented evidence during the trial that money was transferred from the District of Columbia to countries to further the MS-13 enterprise. In addition, there was evidence that members of the enterprise possessed firearms and ammunition in the District of Columbia and that no firearms or ammunition are manufactured in the District of Columbia. If you accept the government's evidence, you may find that the enterprise engaged in or its activities affected interstate commerce.

Third Element

The government must also prove beyond a reasonable doubt that the enterprise engaged in "racketeering activity." Section 1959(b)(1) of Title 18, United States Code, defines that the

term "racketeering activity" as the commission of certain state and federal crimes set forth in 18 U.S.C. § 1961(1) of Title 18, United States Code, including any act or threat involving murder, kidnapping, robbery,or dealing in a controlled substance or listed chemical which is chargeable under State law and punishable by imprisonment for more than one year.   To prove that the enterprise "engaged in racketeering activity," there must be some nexus between the enterprise and the racketeering activity.  This element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

Fourth Element

The government must also prove beyond a reasonable doubt that each defendant considered by you at the time committed the violent crime alleged in Count 1, namely, that on or about June 2006, and continuing through June 2007, the defendants, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, unlawfully and knowingly conspired together and with others known and unknown to the grand jury to murder rival gang members, to include, but not limited to, members of LC, 14th Street, or MOB, and persons that interfered with, or threatened, the objectives and purpose of the MS-13 enterprise.

The elements of the offense of "murder" are listed in instruction 63.

Conspiracy

In this count, The defendants are charged with conspiring to commit murder.  It is against the law to agree with someone to commit the crimes of murder, maiming, assault with dangerous weapon, and threats.

The charge of conspiracy to commit murder in aid of racketeering, is a separate charge

from the offenses of murder in aid of racketeering as set forth in Count 2 of the indictment, assault with a dangerous weapon in aid of racketeering as set forth in Counts 3 and 17 of the Indictment, maiming in aid of racketeering as set forth in Count 10 of the Indictment, and threatening to commit a crime of violence as set forth in Count 11 of the Indictment. You must consider each defendant separately in deciding whether the government has proved each of the elements as to that person.

The government is not required to prove that the objective was achieved. The elements of conspiring to murder, each of which the government must prove beyond a reasonable doubt, are that:

(1) That between June 2006 continuing through June 2007, an agreement existed between two or more people to commit murder in aid of racketeering. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to commit violent crimes in aid of racketeering. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crimes. So, the first thing that must be shown is the existence of an agreement.

(2) That the defendants intentionally joined in that agreement. It is not necessary to find the defendants agreed to all the details of the crime, or that they knew the identity of all the other people the government has claimed were participating in

       the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  Even if any one of the defendants were not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times, but mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that the defendants were part of the conspiracy.

(3)    That one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This "something" is referred to as an overt act. The charged overt act[s] [is] [are] [describe charged overt act[s]]. [The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In deciding whether a conspiracy existed, you may consider the acts and statements of all

the alleged participants. In deciding whether the defendants became a members of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove two [three] things beyond a reasonable doubt: first, that during June 2006 continuing to June 2007 there was an agreement to commit murder; second, that the defendants intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the charged overt acts .

Fifth Element

Finally, the fifth element of Count One that the Government must prove beyond a reasonable doubt is that the underlying crime of violence was committed for the purpose of gaining entrance to or maintaining or increasing position in the charged enterprise.
In determining whether one of the defendant's purposes was to "gain entrance to," "maintain" or "increase" position in the enterprise, you should give those words their ordinary meaning. You should consider all of the facts and circumstances in making that determination. For example, you may consider what, if any, position the defendant held in the enterprise, and the extent, if at all, commission of the alleged crimes served to gain entrance to, maintain, uphold or enhance his position within the enterprise.

It is sufficient if the crime of violence was committed "as an integral aspect of membership" in the enterprise.[11]  This element is also satisfied if the crime of violence was committed to retaliate against rivals, eliminate competition, or because the defendant knew that it

---

[1] <u>United States v. Conception</u>, 983 F.2d 369, 381 (2d Cir. 1992).

was expected of him by reason of his membership in the enterprise.[2]

You need not, however, find that gaining entrance to, maintaining, or increasing position in the enterprise was the defendant's sole or even principal motive. It is sufficient if you find that the defendant conspired and did commit violent crimes because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership.

In deciding what the defendant's "purpose" was in committing a particular act, you must determine what he had in mind. Since one cannot look into a person's mind, you have to determine his purpose by considering all of the facts and circumstances before you.

---

[2] See United States v. Fernandez, 388 F.3d 1199, 1232-22 (9th Cir. 2004), United States v. Crenshaw, 359 F.3d 977, 992-92 (8th Cir. 2004); United States v. Philips, 239 F.3d 829,845 (7th Cir. 2001); United States v. Diaz, 176 F.3d 52, 93-96 (2d Cir. 1999); United States v. Mapp, 170 F.3d 328, 336 (2d Cir. 1999); United States v. Wilson, 116 F.3d 1006, 1078 (5th Cir. 1997); United States v. Fiel, 35 F.3d 997,1004-05 (4th Cir. 2004).

59.  COUNT 2: MURDER IN AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(1).

In Count 2 of the Indictment, defendants William Cordova, Jose Gutierrez, and Melvin Sorto are charged with committing murder in aid of racketeering activity.

The essential elements of the offense of murder in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1) That an "enterprise," as I have defined that term to you in instruction 58, in this case, an illegal association-in-fact, existed;

(2) That the charged enterprise engaged in, or its activities affected, "interstate or foreign commerce," as I have defined those terms to you in Instruction 58;

(3) That the charged enterprise engaged in "racketeering activity," as I have defined those terms to you in Instruction 58;

(4) That the defendant, under consideration by you at the time, knowingly and willingly committed murder;

(5) That the murder was committed for the purpose of "gaining entrance to or maintaining or increasing position in the charged enterprise," as I have explained those terms to you in Instruction 58.

The elements of the offense of "murder" are listed in instruction 63.

60. COUNT 3: ASSAULT WITH A DANGEROUS WEAPON AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(3).

In Count 3 of the Indictment, defendants William Cordova, Jose Gutierrez, and Melvin Sorto are charged with committing assault with a dangerous weapon in aid of racketeering activity.

The essential elements of the offense of assault with a dangerous weapon in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1) That an "enterprise," as I have defined that term to you in Instruction 58, in this case, an illegal association-in-fact, existed;

(2) That the charged enterprise engaged in, or its activities affected, "interstate or foreign commerce," as I have defined those terms to you in Instruction 58;

(3) That the charged enterprise engaged in "racketeering activity," as I have defined those terms to you in Instruction 58;

(4) That the defendant, under consideration by you at the time, knowingly and willingly committed the assault with a dangerous weapon;

(5) That the assault with a dangerous weapon was committed for the purpose of "gaining entrance to or maintaining or increasing position in the charged enterprise," as I have defined those terms to you in Instruction 58.

The elements of assault with a dangerous weapon, each of which the government must prove beyond a reasonable doubt, are that:

(1) That the defendants, with force or violence, injured or attempted or tried to injure Nelson Maldonado;

(2) That the defendants did so voluntarily, on purpose, and not by mistake or accident;

(3) That at the time, the defendants had the apparent ability to injure Nelson Maldonado;

(4) That the defendants committed the act with a dangerous weapon.

"Dangerous weapon," is an object designed to be used, actually used, or threatened to be used, in a manner likely to produce death or serious bodily injury. The government need not prove the defendant actually killed, injured or even touched Nelson Maldonado with the weapon. Voluntarily pointing a dangerous weapon at another person in a threatening manner, or voluntarily using it in a way that would reasonably create in the other person a fear of immediate injury, would be an assault with a dangerous weapon.

"Injury," means any physical injury, however small, including a touching offensive to a reasonable person. The government must prove a threatening act; mere words are not sufficient. The government need not prove the defendant intended to injure Nelson Maldonado.

66. COUNT 10: MAIMING IN AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(2).

In Count 10 of the Indictment, defendants William Cordova and Jose Gutierrez are charged with committing the offense of maiming in aid of racketeering activity.

The essential elements of the offense of maiming in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1) That an "enterprise," as I have defined that term to you in Instruction 58, in this case, an illegal association-in-fact, existed;

(2) That the charged enterprise engaged in, or its activities affected, "interstate or foreign commerce," as I have defined those terms to you in Instruction 58;

(3) That the charged enterprise engaged in "racketeering activity," as I have defined those terms to you in Instruction 58;

(4) That the defendants, under consideration by you at the time, knowingly and willingly committed the offense of maiming;

(5) That the maiming was committed for the purpose of gaining entrance to or "maintaining or increasing position in the charged enterprise," as I have defined those terms to you in Instruction 58.

The elements of the offense of "mayhem" or "maiming," each of which the government must prove beyond a reasonable doubt, are that:

(1) That the defendants caused a permanent disabling injury to Feliciana Esquina-Flores. A permanent disabling injury is one that either renders a member or organ of the body wholly useless or leaves its usefulness greatly impaired;

(2)   That the defendants acted voluntarily and on purpose, and not by mistake or accident;

(3)   That the defendants intended to permanently or seriously injure Feliciana Esquina-Flores or were aware that their conduct created an extreme risk of permanent or serious bodily injury to Feliciana Esquina-Flores but engaged in that conduct nonetheless;

(4)   There were no mitigating circumstances.

67.     COUNT 11: THREATENING TO COMMIT A CRIME OF VIOLENCE IN AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(4).

In Count 11 of the Indictment, defendants William Cordova and Jose Gutierrez are charged with threatening to commit a crime of violence in aid of racketeering activity.

The essential elements of the offense of threatening to commit a crime of violence in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1) That an "enterprise," as I have defined that term to you in Instruction 58, in this case, an illegal association-in-fact, existed;

(2) That the charged enterprise engaged in, or its activities affected, "interstate or foreign commerce," as I have defined those terms to you in Instruction 58;

(3) That the charged enterprise engaged in "racketeering activity," as I have defined those terms to you in Instruction 58;

(4) That the defendant, under consideration by you at the time, knowingly and willingly committed the offense of threatening to commit a crime of violence;

(5) That the threatening to commit a crime of violence committed for the purpose of gaining entrance to or "maintaining or increasing position in the charged enterprise," as I have defined those terms to you in Instruction 58.

The elements of threats, each of which the government must prove beyond a reasonable doubt, are that:

(1) That the defendants spoke words heard by, received by, or otherwise communicated to Feliciana Esquina-Flores;

(2) That the words of the defendants spoke would cause a person reasonably to believe that she, Feliciana Esquina-Flores, would be seriously harmed if the threat occurred; and

(3) The defendants intended Feliciana Esquina-Flores to believe that she would be seriously harmed if the threat occurred.

(4) The government is not required to prove that the defendants intended to carry out the threat.

It is not necessary that the intended victim actually heard the words, or learned about them.

In considering whether the government has proved beyond a reasonable doubt that the defendants threatened Feliciana Esquina-Flores, you should consider all the evidence, including the circumstances under which the words were spoken/written; facial expression, body language, tone and inflection, punctuation, and other ways of giving words meaning; and the nature of the relationship between the parties.

72.     COUNT 17: ASSAULT WITH A DANGEROUS WEAPON AID OF RACKETEERING ACTIVITY, 18 U.S.C. §§ 1959(a)(3)**.**

In Count 17 of the Indictment, defendants William Cordova and Jose Gutierrez are charged with committing assault with a dangerous weapon in aid of racketeering activity.

The essential elements of the offense of assault with a dangerous weapon in aid of racketeering activity, each of which the government must prove beyond a reasonable doubt, are:

(1)     That an "enterprise," as I have defined that term to you in Instruction 58, in this case, an illegal association-in-fact, existed;

(2)     That the charged enterprise engaged in, or its activities affected, "interstate or foreign commerce," as I have defined those terms to you in Instruction 58;

(3)     That the charged enterprise engaged in "racketeering activity," as I have defined those terms to you in Instruction 58;

(4)     That the defendant, under consideration by you at the time, knowingly and willingly committed the assault with a dangerous weapon;

(5)     That the assault with a dangerous weapon was committed for the purpose of "gaining entrance to or maintaining or increasing position in the charged enterprise," as I have defined those terms to you in Instruction 58.

The elements of the offense of assault with a dangerous weapon are listed in instruction 60.

**************************

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

      /s/
NIHAR R. MOHANTY
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 514-7395
nihar.mohanty@usdoj.gov (email)

      /s/
GILBERTO GUERRERO, JR.
Assistant United States Attorney
KS Bar No. 19271
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4814
Washington, D.C. 20530
(202) 514-7298 (desk)
gilberto.guerrero@usdoj.gov (email)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of October, 2010, a copy of the foregoing Government's Proposed Supplemental Jury Instructions was served by electronic mail on all defense counsel.

      /s/
GILBERTO GUERRERO, JR.
Assistant United States Attorney